*297 OPINION.
Tiujssell:
The record contains the testimony of six witnesses, all of whom had had long experience in the ownership, management, and dealing in properties in the City of Des Moines, and they each gave opinion testimony as to the value of the petitioner’s lease acquired *298 by inheritance as of the dates approximating the dates of such acquirement. The values shown by this testimony ranged from $50,000 to $84,000 in the opinion of four of the witnesses. Two of the witnesses expressed the opinion that there was an annual profit in the petitioner’s lease of from $6,000 to $8,000 per year. These witnesses went into much detail as to the manner in which they made up their opinions of value. They took into consideration the value of the property, of the land and building, and of other land and buildings in the neighborhood. They also considered facts respecting actual lease transactions made in the immediate vicinity of the petitioner’s store, and were substantially unanimous in the opinion that the landlords could have made a lease in March, 1917, of the store property controlled by the petitioner on the basis of $14,000 or $15,000 per year. Some of these witnesses took into consideration the facts concerning the additional store space leased by the petitioner in September, 1917, and two of them testified that the corner floor space had a value over and above the adjoining inside floor space equivalent to 50 per cent of the value of the inside space.
Analyzing the facts.respecting the lease acquired by the petitioner by inheritance and the facts concerning the lease made by the petitioner in September, 1917, it is found that for the period from March 2, 1917, to April 30, 1928, under the original lease the total rental payments for the 11 years and 2 months aggregate $88,166.66. Under the terms of the lease made by the petitioner in September, 1917, at the value rental of $6,000 per year, beginning October 1, 1917, if extended to March 2, 1917, the total of the rentals to be paid would be $66,000, or an equivalent of $98.50 per square foot. If the differential in favor of corner floor space, in this case is taken to be 33y3 per cent of the rental value of the inside space, and the petitioner were making a new lease of the corner space in March, 1917, he would be required to pay for the term of 11 years and 2 months $131.33 per square foot, which for 1,100 square feet of floor space would make his total rent equal $144,463, which is $56,297 more than the rents which he must pay under the original lease. This $56,297 averaged over the period of 11 years and 2 months and reduced to present value by generally accepted discount formula produces a present value of the difference between what petitioner must pay under his present lease and what he might be required to pay under a new lease made in March, 1917, in the amount of $33,200. Northern Hotel Co., 3 B. T. A. 1099.
We, therefore, are of the opinion that on March 2, 1917, the lease acquired by the petitioner by inheritance had a fair cash value in the amount of $33,200, and that in computing the gain or loss from the sale of a one-sixth interest in the petitioner’s business, including *299 a one-sixth interest in this lease, it should be computed by including in the assets sold the lease at the above stated value.

The deficiency may be recomputed in accordance with the foregoing findings of fact and opinion upon 15 days’ notice, pursuant to Rule 50, and judgment will be entered accordingly.